Abbie J. BROWN

v.

Jimmy Ray BROWN.

No. 2–82–166–CV.

Court of Appeals of Texas, Fort Worth.

May 26, 1983.

Rehearing Denied June 23, 1983.

Law Offices of Bob Greenspan and Bob Greenspan, Fort Worth, for appellant.

Smith & Mallory and Carl E. Mallory, Arlington, for appellee.

Before HUGHES, JORDAN and BURDOCK, JJ.

OPINION

JORDAN, Justice.

The question before us on this appeal is whether the trial court erred, in a divorce case, in holding that the parties hereto, during their marriage had no children born to them or adopted by them.

We affirm.

Abbie J. and Jimmy Ray Brown were married in 1959, separated in 1979 and divorced in 1982. During this marriage, a baby girl, Gina Rene Brown, who was the natural daughter of Jimmy Ray Brown's sister, came to live with the Browns. The natural mother of Gina Rene was Alice Fay Davis, who delivered her child to her brother and his wife shortly after Gina's birth because Alice Fay was on her way to prison.

Gina Rene Brown lived with the Browns from the time she was only a few months old until she was almost seventeen, when the Browns were divorced. Appellee sued for the divorce, but appellant, in a so called first amended "counter petition" in which she asked for child support from appellee, alleged that Gina had been equitably adopted, or adopted by estoppel, by the Browns, Jimmy Ray and Abbie. In a nonjury trial, the trial court, after a full hearing, specifically found that there were no children born to or adopted by the parties to the divorce suit during their marriage.

Appellant, in her sole point of error, simply says that the trial court erred in this finding, and that there was evidence of an agreement by the parties hereto to adopt Gina.

■ There was no request for findings of fact or conclusions of law and none filed. In this situation, we are bound to construe the evidence in a manner that will support the judgment of the trial court, and to assume that the trial judge, as the trier of the facts, correctly weighed the testimony and credibility of the various witnesses.

■ It is undisputed that there was no attempt by the Browns to effect a statutory adoption of Gina Rene. In the absence of an attempted statutory adoption by the Browns, it was incumbent on Mrs. Brown, appellant here, to present evidence in the trial court of an agreement to adopt between herself, husband, Gina Rene, and Alice Fay Davis, the natural mother of Gina. An agreement to adopt is a necessary element of adoption by estoppel. *Cavanaugh v. Davis,* 149 Tex. 573, 235 S.W.2d 972 (Tex. 1951); *King v. Heirs & Beneficiaries of Watkins,* 624 S.W.2d 252 (Tex.App.—Tyler 1981, writ ref'd n.r.e.).

■ We have carefully reviewed the brief record in this case and hold that there is just no evidence of any agreement to adopt. The evidence is clear that Alice Fay Davis, the natural mother, who testified on trial, had always refused to give her consent to the adoption of her child by the Browns, and that Jimmy Ray Brown, brother of Alice Fay Davis, had consistently refused to attempt to terminate the parental rights of his sister to her daughter. There was ample evidence that both Mr. and Mrs. Brown wanted to adopt Gina, but it is also very evident that there never was any agreement to adopt Gina because of the natural mother's constant and consistent refusal to consent to the adoption. As was said in *King v. Heirs & Beneficiaries of Watkins, supra,*

> Standing alone, an expression of intention to adopt in the future, is not sufficient to create an adoption by estoppel. *Calvert v. Johnston,* 304 S.W.2d 394, 397 (Tex.Civ.App.—Austin 1957, writ ref'd n.r.e.).... Therefore, the testimony of witnesses as to Mrs. Watkins' intention to adopt appellant cannot be considered as evidence of an agreement to adopt.

The trial court was correct in holding that Gina Rene Brown had not been equitably adopted by the parties hereto.

Judgment affirmed.