**Margaret Sue SEEDIG, Appellant,**

v.

**Julie DENNIS, Sheila Richter and Ray Seedig, Appellees.**

**No. 2–85–070–CV.**

Court of Appeals of Texas, Fort Worth.

Jan. 8, 1986.

Danny Burns, Fort Worth, for appellant.

Bishop, Payne, Lamsens & Brown, and Mike Kaitcer, Fort Worth, for appellees.

Before FENDER, C.J., JOE SPURLOCK, II, J., and W.A. HUGHES, J. (Retired) (sitting by assignment).

## OPINION

HUGHES, Justice (Retired).

Margaret Sue Seedig has appealed the judgment of the trial court which found that she had forfeited her rights to her deceased husband's life insurance proceeds because she willfully brought about his death. The facts in this case are essentially undisputed.

We affirm.

Mrs. Seedig was loading her belongings onto a truck and trailer with the help of her mother and sister and was in the process of leaving her husband, the deceased, when he returned home unexpectedly. Mrs. Seedig and her mother were standing on the front porch of the house and her mother left to get into her car. Mrs. Seedig told her husband that she only wanted to leave and did not want any trouble. She said that the deceased started around the car telling her, "you've done it again this time." Mrs. Seedig then stated that the deceased went toward the storehouse where she believed he had guns. While he was going toward the storehouse, Mrs. Seedig obtained a pistol from her sister which her sister had brought to the house for protection. Mrs. Seedig then told her husband that she would shoot him if he did not leave her alone. She further testified that he kept walking toward her and when he was ten feet away, she shot into the ground. When he kept coming, she shot two more times. One of these shots hit the deceased. He then turned. She saw blood on his leg and he walked to his car, got in and drove off. After driving a short way, he lost control of the car and it crashed into something alongside the road. Mrs. Seedig testified that she intended to hit him below the knees when she shot the last time.

In his deposition, the coroner testified that he found three gunshot wounds on the deceased. They were the original entry, the exit, and then a reentry. The three wounds had been caused by one bullet which ruptured an artery on the reentry of the deceased's left leg. This caused the loss of blood which in turn resulted in Mr. Seedig's death.

Mrs. Seedig asserts three points of error in which she states there is no evidence or alternatively, insufficient evidence, to show that appellant intended to cause the death of the deceased. Further, she asserts the trial court applied the wrong standard in this case in that she did not intend to cause the death of the deceased. We shall discuss these points of error collectively as they are essentially revolving around the same point. There is no question in this case but that Mrs. Seedig intended to hit Mr. Seedig because that is what she testified. It is the contention of Mrs. Seedig that as it was not shown that she intended to bring about the death of Mr. Seedig, her right to his insurance should not be forfeited, and, thereby, hangs the real question in this appeal.

It is provided in TEX.INS.CODE ANN. art. 21.23 (Vernon 1981):

> The interest of a beneficiary in a life insurance policy or contract heretofore or hereafter issued shall be forfeited when the beneficiary is the principal or an accomplice in willfully bringing about the death of the insured. When such is the case, the nearest relative of the insured shall receive said insurance.

It becomes readily apparent that we are concerned with the application of the word "willfully" in this case. The case of *Bounds v. Caudle*, 560 S.W.2d 925 (Tex.

1977) held that the beneficiary's interest in the insurance was forfeited when the jury made the findings that:

(1) The beneficiary shot and killed the insured (as here);

(2) The *action* of the beneficiary in shooting and killing the insured was intentional; and

(3) Such action was wrongful.

*Id.* at 928. (Emphasis added.)

In the present case, appellant has not raised on appeal the finding of the court that the killing of the insured was wrongful. Appellant's grounds of error deal only with the question of the intentionality of the killing.

The trial judge, acting without a jury in this case, was not requested to make findings of fact and conclusions of law and did not do so. Absent findings of fact and a request for findings of fact, we will presume that all findings were found in support of the judgment and we are required to affirm the judgment if it can be upheld on any legal theory supported by the evidence.

In the *Bounds* case, the testimony of the beneficiary was to the effect that his wife's death was accidental and from his standpoint, he was merely trying to get a gun away from her to keep her from shooting him. *Id.* at 929. If anything, he was attempting to defend himself and to keep her from injuring herself or him. *Id.* He further testified that he did not intend for her to be shot. *Id.* Despite such testimony the jury found the action of the beneficiary in shooting and killing his wife was intentional. *Id.* at 928.

In the present case the trial judge had evidence before him in the testimony of Mrs. Seedig herself that she shot Mr. Seedig. The evidence further showed that her act in shooting him was intentional although she stated that she did not intend to kill him.

She also testified that the deceased had made no threatening gestures, he did not possess a weapon, and the only statement he made to her was, "you've done it again this time." Also, she stated in her testimony that her husband had never threatened her with a weapon during their marriage and that he had never beat her or threatened to hit her. The court also had testimony before it that tended to dispute her testimony that he was walking toward her when she hit him because the bullet that killed Mr. Seedig, according to the testimony of Dr. Kraus, went directly into the side of the leg. Obviously, if he was walking toward her, it would have been hard for the bullet to have gone in the side of the leg. The trial judge, trier of the facts in this case, is presumed to have correctly assessed the testimony and the believability of the witnesses before him. *See Brown v. Brown*, 652 S.W.2d 828, 829 (Tex.App.—Fort Worth 1983, writ dism'd w.o.j.).

In view of the evidence here recounted, and in the absence of findings of fact, we cannot say the trial judge erred in holding appellant's action in shooting and killing her husband was intentional. *See Bounds*, 560 S.W.2d at 928. Accordingly, we overrule all three points of error and affirm the judgment of the trial court.